UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LAMONT TAYLOR,<br><br>    Petitioner,<br><br>    v.<br><br>WALKER, et.al,<br><br>    Respondents. | Case No.: 1:14-cv-01186-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c), Petitioner consented to the jurisdiction of the United States Magistrate Judge on August 11, 2014. Local Rule 302.

Petitioner filed the instant petition for writ of habeas corpus on July 15, 2014. For the reasons explained below, the petition must be dismissed.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in

1

1 violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct
2 method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931
3 F.2d 573, 574 (9th Cir. 1991), quoting, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory
4 Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights
5 action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of
6 that confinement.   McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499;
7 Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254
8 Cases.

9      In this case, Petitioner is challenging the medical treatment and/or lack thereof while housed at
10 the California Department of Corrections and Rehabilitation.  Indeed, on the face page of the petition,
11 Petitioner states he is "challenging prison conditions."  (ECF No. 1 at 1.)  Thus, it is clear that
12 Petitioner is challenging the conditions of his confinement, not the fact or duration of that
13 confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
14 dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
15 complaint pursuant to 42 U.S.C. § 1983.

## II.
## ORDER

18 Based on the foregoing,

19 IT IS HEREBY ORDERED that:

20 1. The instant petition for writ of habeas corpus is DISMISSED;

21 2. The Clerk of Court is directed to terminate this action and send Plaintiff a blank form
22 complaint pursuant to 42 U.S.C. § 1983; and

23 3. The Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c); Slack v.
24 McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has
25 made "a substantial showing of the denial of a constitutional right," i.e., when
26 "reasonable jurists would find the district court's assessment of the constitutional claims
27 debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In
28 the present case, the Court finds that reasonable jurists would not find it debatable that

1  the state courts' decision denying Petitioner's petition for writ of habeas corpus were
2  not "objectively unreasonable."

5  IT IS SO ORDERED.

6  Dated:   **August 27, 2014**

7  UNITED STATES MAGISTRATE JUDGE